

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Century Surety Co.                            Civil Action No. 6:14-cv-00411

versus                                         Judge Richard T. Haik, Sr.

Blevins, et al                                 Magistrate C. Michael Hill

## AMENDED ORDER

**IT IS ORDERED** that the Order entered on April 30, 2014 [Rec. Doc. 22] is hereby **VACATED** and amended pursuant to Federal Rule of Civil Procedure 60(a), which permits this Court to "correct a clerical mistake or a mistake arising from oversight or omission" as follows:

Before the Court is a Motion To Set Aside Entry Of Default [Rec. Doc. 21], filed by defendants Cylie Blevins, individually and as Tutor for her minor son, Jeffrey Dugas, II, requesting that the Court set aside the Entry of Default entered on April 14, 2014, pursuant to the motion filed by plaintiff, Century Surety Company ("Century"), *R. 16*.

"In assessing a motion to vacate a default judgment, the Fifth Circuit interprets Rule 60(b)(1) as incorporating the Rule 55 'good-cause' standard applicable to entries of default." *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir.2008). The following factors are to be considered for good cause under subsection (1): whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Id.* (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir.2008)). Additionally, courts may consider: whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the

default. *Id.* A court need not consider all of these factors, but instead these factors are to be used to identify circumstances which warrant a finding of "good cause." *Id.*

Defendants contend in their motion to vacate the default judgment that Blevins was served with this lawsuit for declaratory judgment on March 6, 2014, while her son, Jeffrey Dugas II, was recovering from a major surgical procedure necessitated by the events which form the basis of the main demand filed in state court. Because of Blevins involvement with her son's surgery and his recovery, she "inadvertently forgot to provide the newly served lawsuit to her counsel." *R. 21.* The record indicates that defendants filed an Answer to the Complaint on April 24, 2014 which was entered with a deficiency because of the entry of default. *R. 18.*

The Court finds defendants have shown good cause in that the default was not willful and setting the default aside would not prejudice Century at this stage in the litigation. Accordingly, as entry of a default judgment is not appropriate under the circumstances of this case,

**IT IS ORDERED** that the Motion To Set Aside Default [Rec. Doc. 21] is **GRANTED.**

**IT IS FURTHER ORDERED** that the April 14, 2014 default entered against **CYLIE BLEVINS, individually and as Tutor for her minor son, Jeffrey Dugas, II is VACATED** and the Clerk of Court is to terminate the plaintiff's Motion For Default Judgment as to Cylie Blevins, individually and as Tutor for her minor son, Jeffrey Dugas, II, *R. 16.*

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 15th day of May, 2014.

Judge Richard T. Haik
United States District Judge