U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUL 10 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Century Surety Co | Civil Action No. 6:14-00411 |
| versus | Judge Richard T. Haik, Sr. |
| Blevins, et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is a Motion For Partial Dismissal Of Claims For Bad Faith And Unfair Commercial Practices filed by Century Surety Company ("Century") [Rec. Doc. 24], defendant Sohum, LLC d/b/a Regency Inn's ("Sohum") Opposition to the motion [Rec. Doc. 32] and Century's Reply thereto [Rec. Doc. 34]. For the reasons that follow, the Court will grant Century's motion for partial dismissal and will abstain from hearing this declaratory judgment action.

### *I. Background*

Century issued a commercial general liability insurance policy, Policy No. CCP726979, to Sohum, covering the time period from August 28, 2011 to August 28, 2012 ("Policy"). In this lawsuit, Century seeks a declaration that it owes neither defense nor indemnity to its insured with regard to the claims asserted against them in an underlying state-court lawsuit, *Cvlie Blevins, et al v. Sohum, LLC d/b/a/ Regency Inn*, Docket No. 2013-0166L, in the 15th Judicial District Court, Lafayette Parish, Louisiana ("Underlying Lawsuit").

In the Underlying Lawsuit, plaintiffs allege that on or about May 20, 2012, Cylie Blevins and Jeffrey Dugas, along with their minor son, Jeffrey Dugas II, (Underlying Plaintiffs) were on the premises of the Regency Inn in Lafayette, Louisiana ("Premises") which was owned, maintained, and/or operated by Sohum. Underlying

Plaintiffs allege that Jeffrey Dugas II found an "Icee cup" which had been left in the laundry facility of the Premises and consumed the substance contained in the cup before his parents could stop him. The Underlying Lawsuit contends that the substance in the "Icee cup" "constituted a hazard as it was a corrosive substance and was left where a child could unwittingly find it."

Underlying Plaintiffs assert that Sohum was negligent in (a) failing to provide a safe place for its patrons, including Jeffrey Dugas II; (b) allowing a dangerous and toxic substance to remain in the "Icee cup," "knowing that such would be an attraction to a minor child who might ingest the substance, with knowledge or constructive knowledge of the hazard created while failing to take reasonable steps to warn of and/or correct the hazard or otherwise prevent the injuries;" (c) failing to take adequate and proper steps, including but not limited to failing to warn of the hazard; and (d) other acts of negligence to be proven at the trial of this cause. Underlying Plaintiffs seek damages for physical pain and suffering and mental pain and suffering allegedly sustained by Jeffrey Dugas II as a result of Sohum's negligence as well as damages for economic loss, including medical bills and future loss of earning capacity. Underlying Plaintiffs also seek damages pursuant to La. C.C. art. 2315.6 and for loss of consortium. The lawsuit currently remains pending.

By letter dated February 6, 2013, Century agreed to defend Sohum in connection with the Underlying Lawsuit "subject to a complete reservation of rights under the policy and applicable law to deny coverage."[1] *R. 15-3.* The reservation of rights letter

---

[1] In its response, *R. 32, p. 4*, Sohum advised the Court that Century attached a copy of the Policy as well as the Reservation of Rights Letter to a motion for default judgment previously filed into the
(continued...)

referenced coverage A of the Policy's general liability coverage which states that "[Century] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The Policy is subject to a "Special Exclusions and Limitations Endorsement", form number CGL 1701 (0510), which modifies the Policy's commercial general liability coverage and states in relevant part:

> A. **In consideration of the premium charged this policy has been issued subject to the following exclusions being added to coverages A & B:**
>
> This insurance does not apply to:
>
> * * *
>
> 6. **Mold, Fungi, Virus, Bacteria, Air Quality, Contaminants, Minerals or Other Harmful Materials**
>
> * * *
>
> d. "bodily injury", or "property damages", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by toxic or hazardous properties of minerals or other substances.

Under Section V, Definitions, of the Policy, the term "bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." In its Declaratory Judgment Complaint, Century

---

[1](...continued) record of this action. *R. 15-3, 15-4.* "In resolving a Rule 12(b)(6) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint ..., matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Francois v. Miller*, 2009 WL 4799312, at *4 (E.D.La., 2009) (Zainey, J.).

3.

contends that because all of Underlying Plaintiffs' alleged bodily injuries arise out of or were caused by "toxic or hazardous properties of a substance," the Mold, Fungi, Virus, Bacteria, Air Quality, Contaminants, Minerals or Other Harmful Materials Exclusion bars coverage for all claims in the Underlying Lawsuit.

On April 17, 2014, Sohum filed a counterclaim for damages against Century alleging: (1) breach of contract; (2) bad faith denial of coverage and refusal to defend the underlying lawsuit; (3) estoppel; (4) vicarious liability; and unfair commercial practices. *R. 13.* Sohum claims that "[Century] breached its contract of insurance with [Sohum] in bad faith" and that "[Sohum] is entitled to penalties, interest, and attorney fees against [Century] for arbitrary, capricious, and bad faith refusal to provide coverage and a defense to [Sohum] and consequential damages...." *Id. at ¶¶ 59-60.* Sohum specifically alleges that "[i]n bad faith and for arbitrary and capricious reasons, [Century] sent [Sohum] a letter purporting to be a reservation of right for [Century] to deny coverage" and that "[Century] knew that [the] Reservation of Rights Letter did not state any legitimate reason in the Policy for [Century] to deny coverage" and that it was "unclear and unintelligible."*Id. at ¶¶ 44, 46, 47.* Sodium further states that "[i]n bad faith and for arbitrary and capricious reason, [Century] commingled files and information concerning coverage defenses of [Century] with files and information concerning defense of [Sohum]...." *Id. at ¶ 50.*

Century filed this motion to dismiss Sohum's counterclaims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *R. 24.* Century contends that Sohum's counterclaims for bad faith and unfair commercial practices are "conclusory allegations or legal conclusions masquerading as factual conclusions" and

4.

the counterclaims must be dismissed under Rule 12(b)(6) for Sohum's failure to plead "enough facts to state a claim [for] relief that is plausible on its face." In particular, Century contends that under Louisiana law, in order to state a cause of action for bad faith penalties against an insurer, as in Sohum's counterclaim, a claimant must being the action under Louisiana's claims handling statutes, La. R.S. §§ 22:1892 or 22:1973. Because Sohum has not alleged that Century knowingly committed one of the exclusive acts specified in either of those statutes, its counterclaim for bad faith must be dismissed with prejudice. Century further contends that Sohum's claims for unfair trade practices are facially invalid as there is no private cause of action under La. R.S. § 22:1964.

## II. Motion to Dismiss

A motion to dismiss for failure to state a claim, under Fed.R.Civ.P. 12(b)(6), is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982) and courts "are not bound to accept as true a legal conclusion

couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' *Twombly*, 550 U.S. at 555." *Central States, Southeast and Southwest Areas Health and Welfare Fund ex rel. Bunte v. Health Special Risk, Inc.*, --- F.3d ----, 2014 WL 2853587, 2 (5th Cir. 2014). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."*Id.* at 663-664. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257(5th Cir.2009).

1. *Good Faith & Fair Dealing*

Sohum alleges Century breached its insurance contract in bad faith and violated its obligation of fair dealing when the insurer sent Sohum a reservation of rights letter which was "unclear and unintelligible" and failed to state any "legitimate reason in the Policy" for denial of coverage. Sohum further alleges that Century "commingled files and information" concerning coverage defenses with those concerning coverage. Sohum prays for bad faith penalties against Century under "articles 1983 *et seq.* (especially Articles 1994-2005), and 2315." R. 32. Century argues that such a claim against the insurer must be brought pursuant to La. R.S. §§ 22:1892 or 22:1973.[2]

"Generally, Louisiana law governing obligations provides that good faith shall govern the conduct of parties in whatever pertains to the obligation, and all contracts in Louisiana must be performed in good faith. La. C.C. art. 1759; La. C.C. art.1983." *Gulf Coast Bank and Trust Co. v. Warren*, 125 So.3d 1211, 1219 (La.App. 4 Cir. 9/18/13). However, "Louisiana does not recognize a separate and distinct obligation of good faith, the breach of which would be equivalent to a breach of the contract between the parties." *Id.* (citing *Favrot v. Favrot*, 68 So.3d 1099, 1107 (La.App. 4 Cir. 2/9/11) (holding there is no "implied obligation of good faith in performing under [a contract]"). Rather, Louisiana law authorizes the recovery of bad faith penalties from insurers who fail to pay legitimate claims under two nearly identical provisions—La.Rev.Stat. §§ 22:1892 and 22:1973. *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, 954 F.Supp.2d 440, 444 (E.D.La.,2013). Both statutes are strictly construed because they are penal in nature. *Estate of Marquez v. Allstate Ins. Co.*,

---

[2] On January 1, 2009, Louisiana Revised Statutes §§ 22:658 and 22:1220 were renumbered to §§ 22:1892 and 22:1973, respectively.

7.

2014 WL 2560400, 2-3 (E.D.La.,2014). "The statutory duty of good faith and fair dealing owed by insurers to their insured applies only to insurance policy relations, and it enumerates specific acts by which an insurer breaches the duties imposed under the statute." *Gulf Coast Bank and Trust Co.*, 125 So.3d 1211, 1219. Hence, Sohum's only cause of action for bad faith against Century is under La. R.S. §§ 22:1892 or 22:1973.

"Section 22:1892 establishes rules governing the relationship between insurers, their insured, and third-party claimants in a variety of circumstances. La.Rev.Stat. § 22:1892." *Kelly*, ___ Fed. Appx. ___, 2014 WL 948505, 4 (5th Cir. 2014). As 22:1892 contemplates a cause of action only when the insurer fails to pay or settle a claim, it does not provide a cause of action in this case.

Section 22:1973 contains two relevant subsections: subsection (A) describes broad duties that insurers owe to their insured and subsection (B) lists acts which constitute a breach of insurers' duties when knowingly committed. Subsection (A) states that insurers owe their insured "a duty of good faith and fair dealing" and an "affirmative duty ... to make a reasonable effort to settle claims." La.Rev.Stat. § 22:1973(A). A plaintiff must assert one of the acts specified in section B in order to state a cause of action for penalties. *Armstrong v. Rabito*, 663 So.2d 512, 514 (La.App. 4 Cir.,1995).

Based on Sohum's allegations, only subsection (B)(1) could be possibly relevant. "A violation of (B)(1) 'can occur when an insurer either makes untrue statements to an insured concerning pertinent facts or fails to divulge pertinent facts to the insured.'" *McGee v. Omni Ins. Co.*, 840 So.2d 1248, 1254, 1256 (La.App. 3 Cir. 3/5/03). Some intermediate appellate courts have held that (B)(1) is only violated

when an insurer misrepresents facts about coverage, not facts concerning liability. *See, e.g., Talton v. USAA Cas. Ins. Co.*, 981 So.2d 696, 710 (La.App. 4 Cir. 3/19/08); *Strong v. Farm Bureau Ins. Co.*, 743 So.2d 949, 953 (La.App. 2 Cir. 10/29/99). 'A misrepresentation relating to a coverage issue would involve facts about the policy itself, such as the amount of coverage, lapse or expiration of the policy, or exclusions from coverage." *Strong*, 743 So.2d at 953.'" *Kelly*, ___ Fed. Appx. ___, 2014 WL 948505, 4 (5th Cir. 2014).

Sohum contends that Century knew the Reservation of Rights Letter "did not state any legitimate reason to deny coverage", "was unclear and unintelligible", "did not adequately specify the coverage defenses", "would confuse and confound Sohum", knowingly "attempted to alter or change the obligations of Century" under the Policy and "commingled files and information concerning coverage defenses of Century with files and information concerning defense of Sohum. *R. 32*. The Court disagrees.

In the Reservation of Rights Letter, Century confirmed that it was defending Sohum in the underlying lawsuit. Century explained, however, that because it had "no duty to defend [Sohum] against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which [the Policy] does not apply", the defense was subject to "a complete reservation of Century's rights under the Policy and applicable law to deny coverage." *R. 15-3*. Century cited the applicable sections of the Policy and provided the Policy language upon which it based its reservation of rights. Century explained to Sohum that claims for "bodily injury" were covered under Coverage A of the Policy, but that the "Mold, Fungi, Virus, Bacteria, Air Quality Contaminants, Mineral or Other Harmful Materials" Exclusion barred coverage for claims of such "bodily injury"

9.

arising out of, caused by, or contributed to in any way by the use of any substances or properties of minerals alleged or deemed to be hazardous or toxic. Century further explained that as plaintiffs alleged their child sustained bodily injuries as a result of injecting a dangerous, toxic and corrosive substance, Century was reserving the right to deny coverage "to the extent it is determined" that the allegations arise out of a hazardous or toxic substance."

Thus, the Reservation of Rights Letter dated February 6, 2013, demonstrates that Century did not misrepresent to Sohum any pertinent fact or Policy provision relating to a coverage issue. Instead, Century notified Sohum that it would provide a defense to Sohum while it investigated questionable coverage issues identified in the Letter. "A prompt reservation of rights letter serves the purpose of negating the inference of a voluntary relinquishment of a known right to contest coverage." *Arceneaux v. Amstar Corp.*, 969 So.2d 755, 768 (La.Ct.App. 4th Cir.2007). Therefore, Sohum has no claim against Century for bad faith under La.Rev.Stat. § 22:1973(B)(1).

2. *Unfair Trade Practices*

Sohum alleges that it sustained damages as a result of the "unfair trade practices" of Century. *R. 13, ¶34*. Century argues that La. R.S. § 22:1964, the enforcement mechanism to investigate allegations of unfair or deceptive acts in the insurance business, gives authority to the Commissioner of Insurance and does not provide for a private cause of action. In its response to the motion at bar, Sohum contends that it has a private cause of action under the Louisiana Unfair Trade Practices Act ("LUTPA").

10.

"By its terms, LUTPA does not apply to 'actions or transactions subject to the jurisdiction of the ... insurance commissioner ... and insurance regulators of other states.' La.Rev.Stat. § 51:1406(1). In *Lamarque v. Massachusetts Indemnity and Life Insurance Co.*, the United States Court of Appeals for the Fifth Circuit concluded that, despite this language, an individual could bring an unfair trade practices claim against an insurer. 794 F.2d 197, 198 (5th Cir.1986). However, this conclusion has since been rejected by many federal and state courts. *See, e.g., LeMarie v. Lone Star Life Ins. Co.*, 2000 WL 739277 (E.D. La. June 7, 2000) (Duval, J.); *Travelers Indem. Co. v. Powell Ins. Co.*, 1996 WL 578030 (E.D.La. Oct. 4, 1996) (Vance, J.); *West v. Fireman's Fund Ins. Co.*, 683 F.Supp. 156 (M.D.La.1988) (Polozola, J.); *Alarcon v. Aetna Cas. & Sur. Co.*, 538 So.2d 696 (La.Ct.App.3d 1989). Those courts have reasoned that the clear language of LUTPA bars 'actions or transactions subject to the jurisdiction of the ... insurance commissioner ... and insurance regulators of other states,' La.Rev.Stat. § 51:1406(1), and that it is the 'duty of the commissioner of insurance to administer the provisions of [the Louisiana Insurance Code],' La.Rev.Stat. § 22:2. Further, the Louisiana Insurance Code provides its own remedies for unfair trade practices. Specifically, it prohibits 'any trade practice which is ... an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance.' La.Rev.Stat. § 22:1963. Thus, an unfair trade practice involving insurance is within the jurisdiction of the commissioner of insurance and outside the scope of the LUTPA. *See Travelers Indem. Co.*, 1996 WL 578030, at *4." *Center for Restorative Breast Surgery, L.L.C. v. Humana Health Ben. Center for Restorative Breast Surgery, L.L.C. v. Humana Health Ben. Plan of Louisiana, Inc.*, 2014 WL 1276503 (E.D.La.,2014) (J.

Fallon). Accordingly, Sohum has no cause of action for unfair trade practices against Century.

### III. Abstention

The Declaratory Judgment Act, 28 U.S.C. § 2201, allows a federal court to issue declaratory relief solely "in a case of actual controversy within its jurisdiction." An actual or justiciable controversy may exist for purposes of the Declaratory Judgment Act when "an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment." *American States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir.1998). Accordingly, this Court finds that it has jurisdiction to rule on Century's request for declaratory judgment with regard to the pending state court claims, even though the state court has not yet issued a final judgment against Sohum in that action.

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them. *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. App'x. 9, 11 (5th Cir.2007); *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir.2000). Accordingly, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Transocean Offshore USA, Inc.*, 239 Fed. App'x. 11. However, in "extraordinary and narrow" circumstances, a district court may abstain from exercising jurisdiction over a case when there is a concurrent state proceeding, based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737-738 (5th Cir.1999).

Century filed this declaratory judgment action seeking a declaration that it owes neither defense nor indemnity to its insured with regard to the claims asserted against them in an underlying state court lawsuit. A district court possesses broad discretion to grant, stay, or dismiss an action brought under the Declaratory Judgment Act. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995). "To avoid wasteful and duplicative litigation, district courts may often dismiss declaratory judgment actions 'where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Id.* at 282. District courts may address the propriety of abstention *sua sponte. Biel v. Bekmukhamedova*, 964 F.Supp.2d 631, 634 (E.D.La.,2013) (citing *Murphy v. Uncle Ben's, Inc.* at 737 n. 1).

"One of two standards governs the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief." *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250–51 (5th Cir.2005). As explained by the Fifth Circuit, "When a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply the standard derived from *Brillhart v. Excess Insurance Co. of America*[, 316 U.S. 491 (1942)]." The *Brillhart* standard affords a district court broad discretion in determining whether to hear an action brought pursuant to the Declaratory Judgment Act. However, when an action involves coercive relief, the district court must apply the abstention standard set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Under the *Colorado River* standard, the district court's discretion to dismiss

13.

is "narrowly circumscribed" and is governed by a broader "exceptional circumstances". standard. *Id.*" *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394-395 (5th Cir. 2009)

Sohum's counterclaim in this action is a request for monetary relief based on its claims of bad faith and unfair trade practices, and therefore involves "coercive relief." The Court, however, has held that it will grant Century's motion and dismiss Sohum's counterclaim pursuant to Rule 12(b)(6) as Sohum's claims "lack an arguable basis in law or fact" and are therefore "frivolous." *See, Accident Ins. Co., Inc. v. Blanchet*, 2013 WL 3868091, 5 (W.D.La.,2013) (Doherty J.). Because only Century's Declaratory Judgment remains pending in this action, the Court will determine whether or not to abstain based on the *Wilton/Brillhart* analysis.

In *Wilton*, the United States Supreme Court confirmed its prior decision in *Brillhart* by stating

> [i]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.

515 U.S. at 288. The Court concluded that it is within a district court's discretion to stay an "action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." *Id.* at 290.

To assist in defining the parameters of a district court's discretion, the Fifth Circuit developed a seven-factor test for deciding whether to retain jurisdiction over declaratory judgment actions. *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir.1994). The factors are not exhaustive, mandatory, or exclusive, *Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir.1992), and address three broad

considerations—federalism, fairness/improper forum shopping, and efficiency. *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 390–391 (5th Cir.2003). They are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Id.* at 389 (interpreting factors from *St. Paul v. Trejo*, 39 F.3d at 590–91). Specifically, the first and last factors address federalism concerns; the second, third, and fourth factors address fairness concerns; and the fifth and sixth factors address efficiency concerns. *Sherwin-Williams*, 343 F.3d at 391. The Court finds that the seven factors militate in favor of declining jurisdiction over this case.

Here, the first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, weighs heavily against this Court hearing the case. "[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir.1994). The matter to be resolved between Century and Sohum is the interpretation of an insurance policy. That issue is one which may have already been placed before

15.

the Lafayette Parish court and it is a matter that can be competently resolved in that forum. No question of federal law has been presented. "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin–Williams* at 390–391. Notably, whether there is a pending state action in which all the matters in the controversy can be fully litigated is of paramount concern. *Great American Ins. Co. v. Cumberland Inv. Group, LLC* 2013 WL 5755641, 2-3 (E.D.La.,2013). Consequently, the Court finds this is precisely the type of case in which the federal court should defer to a related state-court action and this factor weighs in favor of abstention.

The second factor to be considered is whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant. In this case, the Underlying Lawsuit was ongoing when Century filed this declaratory judgment action, and there is no evidence that Sohum planned to sue Century in counterclaim. The Court finds that this factor is neutral.

In considering the third factor, there are "legitimate and improper reasons for forum selection" with the former being permissible and the latter constituting "abusive 'forum shopping.' " *Sherwin–Williams* at 391. In this case, there is a pending state action in which all of the matters in controversy may be fully litigated and Century filed suit in this Court after Sohum, its insured, had been named in the state court action and after it had submitted a reservation of rights as to coverage under the Policy—making it likely that this action was filed in anticipation of a lawsuit filed by

16.

Sohum. There is no direct evidence of forum shopping, but the likelihood of same certainly exists given the timing of this suit. Moreover, there is a possibility that the state court ruling on the coverage issue could be inconsistent with that of this Court, leaving the insured without coverage depending on whether the substance involved is found to be hazardous or toxic. At best, this factor is neutral.

The fourth factor to be considered is whether there are possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums. A decision by this Court on the declaratory judgment action would not have preclusive effect on the Underlying Plaintiffs' liability claims against Sohum but would be preclusive on Sohum's coverage claims against Century. The Court finds that this factor weighs in favor of abstention.

The fifth factor is whether the federal court is a convenient forum for the parties and witnesses. The Court finds that this is a neutral factor as the two forums are equally convenient.

The sixth factor is whether retaining the lawsuit in federal court would serve the purposes of judicial economy. The Court finds this to be a critical issue. The Underlying Lawsuit involves all of the parties to the insurance contract at issue as well as the parties who are not participants in this federal court litigation but whose testimony will be critical on factual issues related to the insurance coverage issue. Therefore, retaining the lawsuit in federal court would not serve the goal of judicial economy. That goal would be better served if the insurance coverage issue were litigated in state court. This factor weighs in favor of abstention.

The final factor, whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the state-court suit between the same parties is pending, is not an issue in this lawsuit.

In summary, the Court finds that four of the seven factors weigh heavily in favor of this Court abstaining, while the other factors are neutral. The ultimate purpose for evaluating these factors is to decide "whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court."[3] "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort."[4] The Court finds that the dispute presented in this lawsuit can better be determined in the related proceeding that is pending in Louisiana state court.

Rather than merely finding that this action should be stayed, however, the undersigned finds that this lawsuit should be dismissed. This Court has discretion to dismiss this matter *sua sponte*.[5] There is a pending state court action in which all of the matters presented in this lawsuit may be fully litigated. In this case, a determination will be made in the Lafayette Parish lawsuit as to whether or not the Underlying

---

[3] *American Employers'*, 122 Fed. App'x 700, 702 (5th Cir. 2004) (quoting *Brillhart*, 316 U.S. at 495).

[4] *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992).

[5] See, e.g., *Clarendon America Ins. Co. v. Faulk & Foster Real Estate Services*, 2009 WL 511308, 3 (E.D. La. 2009) (Zainey, J.) ("the Court's broad discretion allows it to *sua sponte* dismiss this action in lieu of staying it."); *Colony Ins. Co. v. Holley*, 2002 WL 31683675 (E.D.La. 2002) (Vance, J.) (citing *Agora Syndicate, Inc. v. Robinson Janitorial Spec., Inc.*, 149 F.3d 371, 373 (5th Cir.1998).

Plaintiffs sustained bodily injury and/or damages as a result of Sohum's actions or omissions. Even if Century had not been named as a direct defendant in that lawsuit, it would serve no useful purpose for this Court to conduct further proceedings until that issue is determined. As the Lafayette Parish lawsuit is now postured, the state court will also be called upon to determine if the claims of the Underlying Plaintiffs are covered under Sohum's Policy. Proceeding to trial in this forum might lead to a ruling that ultimately turns out to be inconsistent with the state court's ruling, creating unnecessary issues and unnecessarily complicating the procedural posture of both lawsuits.

After careful consideration, the Court finds that permitting the Underlying Lawsuit to proceed unimpeded would be the better course of action. Therefore, the Court will exercise its discretion and decline to proceed further, dismissing this action without prejudice.

*Conclusion*

For the foregoing reasons, the Court will grant Century's Motion For Partial Dismissal and dismiss Sohum's claims for bad faith and unfair trade practices against Century with prejudice because Sohum failed to state a valid cause of action against Century and will dismiss this action without prejudice pursuant to the Court's discretion in *Wilton/Brillhart*.

_____
RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE