U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

SEP 0 5 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Century Surety Co.      Civil Action 1:-00411

versus      Judge Richard T. Haik, Sr.

Blevins, et al      Magistrate Judge C. Michael Hill

## MEMORANDUM ORDER

Before the Court is Sohum, LLC D/B/A Regency Inn's ("Sohum") Rule 59 Motion For New Trial Or To Alter Or Amend The Judgment And/Or Rule 60 Motion For Relief From Judgment [Rec. Doc. 40]. Cylie Blevins, individually and as Tutor on behalf of Jeffrey Dugas, II, and Jeffrey Dugas, filed a law suit against Sohum in the 15th Judicial District Court, Lafayette Parish, Louisiana, alleging that Sohum is liable for injuries sustained by plaintiffs' minor son when he consumed a corrosive substance while on the premises of the Regency Inn. *Cylie Blevins, et al v. Sohum, Ll C d/b/a Regency Inn*, Docket No. 2013-0166L. Century Insurance Co. issued a commercial general liability insurance policy to Sohum covering the time frame of the allegations in the state court law suit and Sohum provided to Century notice of the state court law suit. In a letter dated February 6, 2013, Century agreed to defend Sohum subject to a reservation of rights to deny coverage under the policy's provision which excludes "'bodily injury'... arising out of, caused by, or alleging to be contributed to in any way by toxic or hazardous properties of minerals or other substances."

Century filed a declaratory judgment action in this Court on February 18, 2014 against state court plaintiffs, Cylie Blevins, in her capacity as tutor of Jeffrey Dugas, II,

and Jeffrey Dugas,[1] as well as Sohum seeking a declaration that it owes neither defense nor indemnity to its insured, Sohum, with regard to the claims asserted by plaintiffs in the state court lawsuit. On April 23, 2014, Sohum filed an answer and a counterclaim against Century alleging breach of contract, bad faith denial of coverage and refusal to defend, estoppel, vicarious liability and unfair commercial practices based on Century's issuance of the reservation of rights letter. On July 10, 2014, the Court issued a Memorandum Ruling and Judgment granting Century's motion to dismiss Sohum's counterclaim pursuant to 12(b)(6) and *sua sponte* dismissed Century's Declaratory Judgment action under *Wilton/Brillhart*. R. 38, 39.

Sohum filed this motion pursuant to Rule 59 and/or Rule 60, moving the Court to reverse the dismissal of Sohum's claim against Century for bad faith or in the alternative, to amend the Judgment dismissing Sohum's claims without prejudice. Federal Rule of Civil Procedure 59(e) provides that a party may file "[a] motion to alter or amend a judgment [within] 28 days after the entry of the judgment." Fed.R.Civ.P. 59 e). The Court issued its Judgment dismissing Sohum's counterclaim on July 10, 2014 and Sohum filed this motion 28 days later. Accordingly, the Court will consider Sohum's Motion under Rule 59(e) rather than Rule 60.

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745,

---

[1] Summons were returned executed on Cylie Blevins and Jeffrey Dugas, *pro se*, on March 14, 2014. R. 5. Century filed motions for default judgment against Dugas and Blevins on April 23 and 24, 2014. R. 15, 16. On April 28, 2014, Blevins filed a motion to set aside the default based on her minor child's medical procedures which the Court granted on April 30, 2014. R. 21, 22, 31. The hearing on Century's motion for default against Dugas has not been set by the Court.


763 (5th Cir.2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). Such motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004).

Sohum contends that the Court considered only its claims against Century for bad faith refusal to provide coverage and a defense to Sohum in finding that its claims were frivolous. Sohum argues that its other coercive claims—breach of contract, estoppel, detrimental reliance and unfair trade practices—require that the Court conduct its abstention analysis under the *Colorado River* standard[2].

In the Fifth Circuit, the *Colorado River* standard applies when an action includes both declaratory and non-frivolous coercive claims for relief. *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir.2009). The Fifth Circuit recognizes two exceptions to applicability of the *Colorado River* standard—if the claims for coercive relief are frivolous or if the claims for coercive relief were added as a means of defeating *Brillhart*.

---

[2] Sohum also contends that the "counterclaim" filed in Blevin's answer precludes the Court's determination under the *Brillhart* standard. Blevin's "counterclaim," however, is merely a denial of Century's allegations in its Declaratory Judgment and does not constitute a request for coercive relief that triggers analysis under *Colorado River*. *See e.g., Trent v. National City Bank of Indiana*, 145 F. App'x at 896, 898 n. 3 (5th Cir. 2005).

3

*Barnett*, 561 F.3d at 395–96; *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 679 (5th Cir.1973) ("If the prayer for injunctive relief could be determined to be frivolous or premature or otherwise 'wanting in equity,' then the suit could be considered solely a declaratory judgment action and the *Brillhart* holding would clearly apply.").

In the Judgment at issue, the Court found that Sohum's counterclaims for breach of contract, bad faith, estoppel and detrimental reliance all stem from Century's reservation of rights letter and were frivolous and/or premature.[3] Thus, the *Brillhart* standard applies in this case. While the Court found that Sohum had failed to state a claim against Century based on the reservation of rights letter, it was not the Court's intention to preclude Sohum from filing such claims which may develop due to Century's actions with regard to its insured. Accordingly, the Court will grant Sohum's motion to amend the Judgment and dismiss the counterclaims for breach of contract, bad faith, estoppel and detrimental reliance without prejudice. Accordingly,

**IT IS ORDERED** that Sohum, LLC D/B/A Regency Inn's Rule 59 Motion For New Trial Or To Alter Or Amend The Judgment And/Or Rule 60 Motion For Relief From Judgment [Rec. Doc. 40] is **GRANTED IN PART** and the Court will amend its Judgment entered on July 10, 2014 to dismiss the counterclaims without prejudice.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 5th day of September, 2014.

_____
Richard T. Haik, Sr.
United States District Judge

---

[3] The Court found that Sohum's unfair trade practices claim was without merit under the law and applicable jurisprudence.